**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ALDONIA HEMMANS,**

     **Plaintiff,**

v.

**PORTFOLIO RECOVERY**
**ASSOCIATES, LLC,**

     **Defendants.**

_____/

**CASE NO.:**

8:16 cv 2042 T 27 AEP

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff, Aldonia Hemmans, by and through the undersigned counsel, sues Portfolio Recovery Associates, LLC, and states as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"), and 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

### JURISDICTION AND VENUE

2.    Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims a claim under the federal FDCPA, 15 U.S.C. § 1692 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida. Plaintiff suffered the injuries in Hillsborough County, Florida.

1



## PARTIES

4.      Plaintiff, Aldonia Hemmans ("Mr. Hemmans" or "Plaintiff"), is a natural person who resides in Hillsborough County, Florida. Plaintiff is also a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8).

5.      Defendant, Portfolio Recovery Associates, LLC ("Portfolio" or "Defendant"), is a Delaware limited liability company, does business in the State of Florida, and is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(7), and is a "person" as that term is used in Fla. Stat. § 559.72.

6.      Defendant, in the conduct of its business, used one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

7.      Defendant's conduct was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant's agents or employees were likely to conduct themselves and allowed them to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendants.

## FACTUAL ALLEGATIONS

8.      Beginning approximately in 2014, Ms. Hemmans began to receive multiple telephone calls from Portfolio to her home phone in an attempt to collect a debt (the "Debt").

9.      Upon information and belief, the debt was for a credit card that was used for household and personal use; therefore, the Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

10.     Ms. Hemmans last made a payment for the Debt over 20 years prior to the filing of this action. Portfolio continued its collection campaign against Ms. Hemmans long after the statute of limitations on the Debt tolled.

11.     Upon receiving initial phone calls from Portfolio, Ms. Hemmans told representatives of Portfolio that she would not make any payments on the Debt and instructed Portfolio to stop calling her home phone.

12.     Nevertheless, Portfolio continued to repeatedly call Ms. Hemmans' home phone in an effort to collect the Debt until at least May 2016.

13.     Portfolio called Ms. Hemmans approximately two (2) to three (3) times a day, approximately three (3) days a week in an attempt to collect the Debt directly from Ms. Hemmans.

14.     As detailed below, that conduct constitutes a violation of the FCCPA and FDCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT PORTFOLIO

16.     This is an action against Defendant for violation of Fla. Stat. § 559.55 *et seq*.

17.     Plaintiff re-alleges and incorporates paragraphs 1 through 14, as if fully set forth herein.

18.     Defendant communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication" as defined by Fla. Stat. § 559.55(2).

3

19.   Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

20.   Through its conduct described above, Defendant directly and through its agents violated the above sections of the FCCPA.

21.   All conditions precedent to this action have occurred, have been satisfied, or have been waived.

22.   Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

23.   Based upon the willful, intentional, knowing, malicious, repetitive, and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment against Defendant, finding that Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, injunctive relief, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

4

**COUNT II**

**VIOLATION OF THE FDCPA BY DEFENDANT PORTFOLIO**

24.    This is an action against Defendant for violation of 15 U.S.C. § 1692 *et seq*.

25.    Plaintiff re-alleges and incorporates paragraphs 1 through 14, as if fully set forth herein.

26.    Through the conduct described above, Defendant violated the following provisions of the FDCPA:

**15 U.S.C. § 1692d**

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

**15 U.S.C. § 1692e**

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

**15 U.S.C. § 1692f**

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

27.    As a result of Defendant's violation of the FDCPA, Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); (c) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3); and (d) all other relief Plaintiff is entitled to under the law.

28.    All conditions precedent to this action have occurred, have been satisfied, or have been waived.

5

**WHEREFORE**, Plaintiff respectfully requests this Court enter a judgment in Plaintiff's favor finding that Defendant has violated the FDCPA; awarding Plaintiff actual damages, injunctive relief, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

<h3 align="center">DEMAND FOR JURY TRIAL</h3>

Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated:  July 15, 2016                    Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone:  (813) 360-1529
Fax:     (813) 336-0832


**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff

6